IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Plaintiff, | CIV. NO. S-11-3067 KJM GGH PS |
| vs. | |
| DERRYL WILLIAMS, et al., | FINDINGS & |
| Defendants. | RECOMMENDATIONS |

Defendant David Meyers, proceeding pro se, filed on November 18, 2011 a Notice of Removal of an unlawful detainer action filed against defendant Derryl Williams et al. in state court.[1] Plaintiff Federal National Mortgage Association ("Fannie Mae") has now filed a motion to remand. Defendant has not filed a response. After reviewing the application, the court recommends that the case be remanded to state court.[2]

\\\\\

---

[1] David Meyers apparently inserted himself into the state court action by filing a Prejudgment Claim of Right to Possession on June 20, 2011. (Pl.'s Mot. at 3.) Defendant also filed an answer, and will therefore be treated as a defendant for purposes of this opinion. (Id., Ex. B.)

[2] The case has been referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

1

BACKGROUND

Defendant Williams was sued in state court in an unlawful detainer action for his refusal to quit and deliver possession of residential real property purchased by plaintiff at a non-judicial foreclosure sale.

Defendant Meyers filed a petition for removal, alleging that the Protecting Tenants at Foreclosure Act preempts state law and that as a bona fide tenant of the property, he is protected by federal law. He also claims that the PTFA requires ninety days notice for eviction and that "it is impossible to evict a bona fide residential tenant of a foreclosed landlord in California under State law, since the cause of action is purely a Federal one in ejectment." (Notice of Removal, at 3.) He claims the court has federal question jurisdiction pursuant to 28 U.S.C. § 1441 because the PTFA presents a substantial question of federal law. (Id. at 4.) Plaintiff moves for remand, contending that the filing of the removal was untimely because it was filed on November 18, 2011, more than thirty days after defendant received the initial pleading and filed an answer in the state court action, in violation of 28 U.S.C. § 1446(b). Plaintiff also contends that the court lacks federal subject matter jurisdiction.

DISCUSSION

    A.  Timeliness of Removal

Plaintiff is correct in its argument that the removal notice was untimely filed.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The unlawful detainer action was filed in Sacramento County Superior Court on May 12, 2011. (Wechsler Decl., ¶ 3.) Defendant appeared in that action on July 25, 2011. (Id.,

Ex. B.) Defendant filed the notice of removal on November 18, 2011, more than thirty days after he appeared in the state court case. Therefore, his removal was untimely.

B. Federal Question Jurisdiction

Moreover, even if the removal notice had been timely filed, a district court has an independent duty to examine its own jurisdiction and remand a removed action "since removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment ...." Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229, 110 S. Ct. 596, 606-07 (1990); Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

A plaintiff may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331. In that situation, the court has original jurisdiction. A state court defendant cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction. The requirements for both relate to the same end, that is, federal jurisdiction.

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law

creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). A defense to an action, based on constitutional rules of general applicability, is not a sufficient basis to remove an action to federal court. See id.; Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption ... renders an action brought in state court removable."). Defendant has not raised any federal questions, and has not shown that he is unable to raise his federal constitutional rights in state court.

Moreover, federal courts have held that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but indeed provides directives to state courts. Nativi v. Deutsche Bank Nat. Trust, 2010 WL 2179885 (N.D. Cal. 2010). See also BDA Investment Properties LLC v. Sosa, 2011 WL 1810634 at *3 (C.D. Cal. May 12, 2011); Zalemba v. HSBC Bank, 2010 WL 3894577, at *2 (S.D.Cal. Oct.1, 2010); Martin v. LaSalle Bank Nat. Ass'n, 2011 WL 9583 (S.D. Cal. Jan. 3, 2011); Nativi v. Deutsche Bank Nat'l Trust Co., 2010 WL 2179885 at *2 (N.D. Cal. May 26, 2010); U.S. v. Lopez, 2010 WL 5233017 at *3 n. 5 (E.D. Cal. Dec. 16, 2010); Deutsche Bank Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n. 3 (E.D. Cal. Oct.1, 2010).

This court has no jurisdiction over unlawful detainer actions which are strictly within the province of state court. Defendant's apparent attempt at creating federal subject matter jurisdiction by simply stating so will not succeed. See Catee v. Capital One, F.S.B. 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal). To the extent that plaintiff's removal indicates an attempt to raise federal defenses, such defenses cannot be grounds for removal. ARCO Environmental Remediation, LLC v. Dept. of Health and Environmental Quality of the State of Montana, 213

F.3d 1108, 1113 (9th Cir. 2000).

  C. <u>Original Jurisdiction Based on Fannie Mae's Federal Charter</u>

    Courts are split over whether Fannie Mae's charter confers federal jurisdiction. In <u>Pirelli v. Armstrong Tire Corporation Retiree Medical Benefits Trust v. Raines</u>, 534 F.3d 779 (D.C. Cir. 2008), the court relied on <u>American National Red Cross v. Solicitor General</u>, 505 U.S. 247, 112 S.Ct. 2465 (1992), to so hold.  Fannie Mae's charter provides for it "to sue and be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal."  12 U.S.C. § 1723a(a).[3]  The <u>Pirelli</u> court found that this language was similar to the charter providing that the Red Cross was authorized "to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States..."  (<u>Id.</u> at 251.) <u>See</u> 36 U.S.C. § 300105(a)(5).

    Other courts, however, have distinguished the enabling language of these statutes. For example, in <u>Knuckles v. RBMG, Inc.</u>, 481 F.Supp.2d 559, 563 (S.D. W. Va. 2007), the court compared statutory construction in the Red Cross charter to that found in the Fannie Mae charter:

> Under the canons of statutory construction each word in a statute should be given effect and linguistic superfluity avoided. <u>Scheidler v. Nat'l Org. for Women, Inc.</u>, 547 U.S. 9, 126 S.Ct. 1264, 164 L.Ed.2d 10 (2006). Accordingly, the phrase "any court of competent jurisdiction, State or Federal," found in Fannie Mae's charter, but not in the charter of the Red Cross, must be given effect. For the phrase "any court of competent jurisdiction" to have any meaning it should be read as differentiating between state and federal courts that possess "competent" jurisdiction, i.e., an independent basis for jurisdiction, from those that do not. To conclude, as Fannie Mae suggests, that its charter could be read to confer original federal jurisdiction in all suits in which it is a party, notwithstanding the absence of an independent basis for federal jurisdiction, would effectively eliminate the phrase "of competent jurisdiction" from the charter. Stated differently, were the court to adopt Fannie Mae's reading of its charter, all federal courts would possess jurisdiction, regardless of competency.

---

[3] In contrast, the statute addressing Freddie Mac's charter states that "all civil actions to which the [Freddie Mac] Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value..." 12 U.S.C. § 1452(f).

5

1 　　　　　The Knuckles court compared the same language which is found in the charter for
2 the Secretary of Housing and Urban Development, noting that courts have declined to construe it
3 as creating a grant of federal jurisdiction. Id. See 12 U.S.C. §1702; C.H. Sanders Co. v. BHAP
4 Hous. Dev. Fund Co., 903 F.2d 114, 118 (2nd Cir. 1990); Industrial Indem., Inc. v. Landrieu, 615
5 F.2d 644, 647 (5th Cir. 1980); Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 (9th Cir. 1978);
6 Lindy v. Lynn, 501 F.2d 1367, 1369 (3rd Cir. 1974).

7 　　　　　In Rincon del Sol v. Lloyd's of London, 709 F.Supp.2d 517, 524 (S.D. Tex.
8 2010), the court reasoned that the language, "of competent jurisdiction," required an independent
9 basis of jurisdiction, because to construe otherwise would render the emphasized language "to be
10 sued in *any* court of competent jurisdiction, *State* or Federal," ineffectual as it would eliminate
11 the right to sue Fannie Mae in state court. Rincon also noted the Pirelli court's acknowledgment
12 that the Fannie Mae statute contained the words, "of competent jurisdiction," while the Red
13 Cross charter did not. Id. at 523.

14 　　　　　Other courts interpreting the Fannie Mae charter have come to the same
15 conclusion. See Federal National Mortgage Ass'n v. Sealed, 457 F.Supp.2d 41(D.D.C. 2006),
16 overruled by Pirelli, 534 F.3d at 785; Federal National Mortgage Ass'n v. De-Savineau, 2010
17 WL 3397027 (C. D. Cal. 2010); Federal National Mortgage Ass'n v. Bridgeman, 2010 WL
18 5330499 (E. D. Cal. 2010); State of Nevada v. Countrywide Home Loans Servicing, LP, 2011
19 WL 484298 (D. Nev. February 4, 2011) (finding that Fannie Mae's charter does not create
20 jurisdiction but federal jurisdiction existed independently on other grounds).

21 　　　　　In analogous statutory construction, courts have noted that where the Federal
22 Home Loan Bank is a party, the "sue and be sued" provision in this bank's charter is nearly
23 identical to that provision in Fannie Mae's charter, and have rejected any grant of original
24 jurisdiction.[4] See Federal Home Loan Bank of Chicago v. Bank of America Funding Corp., ___

---

[4] Title 12 U.S.C. § 1432(a) provides for the FHLB "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal...."

6

1  F.Supp.2d ___, 2011 WL 151842, *2 (N.D. Ill. 2011); Federal Home Loan Bank of San
2  Francisco v. Deutsche Bank Securities, Inc., 2010 WL 5394742 (N.D. Cal. 2010); Federal Home
3  Loan Bank of Seattle v. Deutsche Bank Securities, Inc., 736 F.Supp.2d 1283, 1286 (W.D. Wash.
4  2010); Federal Home Loan Bank of Seattle v. Barclays Capital, Inc., 2010 WL 3662345, *2
5  (W.D. Wash. 2010).
6           There are a few cases finding original jurisdiction under Fannie Mae's charter;
7  however, the undersigned disagrees with the one case which provided any analysis.  In Griffin v.
8  Federal National Mortgage Association, Inc., 2010 WL 5535618, *2 (E.D. Tex. 2010), the court
9  construed Fannie Mae's charter as similar to the Red Cross statute and found the words, "of
10 competent jurisdiction" in the statute not to be superfluous because these words "help to clarify
11 that, among other things, litigants in state courts of limited jurisdiction must satisfy the
12 appropriate jurisdictional requirements and that litigants, whether in federal or state court, must
13 establish that court's personal jurisdiction over the parties."  Id.  However, the undersigned
14 prefers to rely on the reasoning articulated in the cases cited above, many of which cite the
15 concurrence in Pirelli, which argues that the majority misinterpreted Red Cross.  In her
16 concurrence, Judge Brown argues that Red Cross "stands for the unremarkable rule that
17 mentioning federal courts is necessary, but not always sufficient, to confer jurisdiction."  534
18 F.3d at 795.  "In Red Cross, the Court declared "a congressional charter's 'sue and be sued'
19 provision *may* be read to confer federal court jurisdiction if, but only if, it specifically mentions
20 the federal courts."  Id., quoting Red Cross, 505 U.S. at 255, 112 S.Ct. 2465 (emphasis added).
21          The only other courts agreeing with the majority in Pirelli found original
22 jurisdiction without deciding it.  See C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 891 F.Supp.
23 371, 372 (S.D. Tex.1994) (assuming original subject matter jurisdiction without analysis);
24 Connelly v. Federal Nat. Mortg. Ass'n, 251 F.Supp.2d 1071 (D. Conn. 2003) (same); In re
25 Fannie Mae 2008 Securities Litigation, 2009 WL 4067266, *2 (S.D.N.Y. 2009) (same).
26 \\\\\

CONCLUSION

Based on the aforementioned analysis, the court finds that remand is appropriate because the removal notice was untimely filed, and because there is no subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447(c), where it appears the court lacks subject matter jurisdiction, the court shall make an order for remand. The petition for removal and the state court record filed in this case demonstrate that the underlying proceedings are not removable to this court.

Defendant's delay tactics are quite apparent, including an untimely removal without notice three days before trial in the state court case, as well as the conclusory nature of the removal notice, which indicates that defendant obtained a boilerplate form and inserted no facts specific to this case. As a result, the undersigned finds that the case must be summarily remanded.

IT IS HEREBY RECOMMENDED that:

1. The state action be summarily remanded to Sacramento County Superior Court;

2. The Clerk serve a certified copy of this order to the Clerk of the Sacramento County Superior Court, and reference the state case number (11UD04229) in the proof of service; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The

\\\\\

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 3, 2012

                                                 /s/ Gregory G. Hollows
                                            UNITED STATES MAGISTRATE JUDGE

GGH:076/FNMA3067.rem.wpd